## EASLEY v. AMERICAN STATE BANK of ROSEDALE.

No. 12232—Opinion Filed June 30, 1925.

Rehearing Denied Sept. 15, 1925.

**1. Vendor and Purchaser—Action by Grantee for Damages from Forged Deed in Chain of Title—Innocence of Grantor.**

Proof that the grantor held under a deed canceled as a forgery, such decree of cancellation being entered subsequent to the conveyance to his grantee, in the absence of evidence that he had some knowledge of the forgery, is not sufficient to go to the jury in an action by his grantee for damages for fraudulent conveyance.

**2. Same — Judgment Against Grantee Sustained.**

The evidence sustains the judgment.

(Syllabus by Ray, C.)

Commissioners' Opinion, Division No. 1.

Error from District Court, McClain County; F. B. Swank, Judge.

Issues joined on cross-petition of W. M. Easley against A. Lyle, American State Bank of Rosedale, and others, and on the cross-petition of the American State Bank of Rosedale against W. M. Easley. Judgment against Easley, from which he has appealed. Affirmed.

C. T. Rice, for plaintiff in error.

C. G. Moore, for defendant in error.

Opinion by RAY, C. The only assignment of error set out in plaintiff in error's brief is that the court erred in directing a verdict in favor of the defendant in error.

A. Lyle, claiming title to 30 acres of land by deed from Ellen Bruner, the allottee, sold and deeded the land to W. M. Easley for $600. Thereafter Ellen Bruner brought suit to cancel the deed to Lyle upon the ground that it was a forgery, and to cancel the deed from Lyle to Easley, and also a mortgage from Easley to the American State Bank of Rosedale as cloud upon her title. Easley filed his cross-petition against Lyle, the American State Bank of Rosedale, and D. B. Harrison its cashier, and other parties, in which he alleged that Easley and Harrison were partners, and that Lyle was holding title for himself and Harrison, and that he bought the land from the partnership of Harrison and Lyle; that he paid them the purchase price of the land with the exception of $230;

that Harrison agreed to take his note for the deferred payment of $230, and that he executed his note to Harrison, together with the mortgage upon the land, to secure its payment; that if the deed to Lyle was a forgery they must have known it, and prayed that if the deed to Lyle should be adjudged to be a forgery he have judgment against Lyle and Harrison for the amount paid to them for the land, and that the note and mortgage, which he believed he executed to Harrison, but which had been filed of record by the bank, be canceled. The American State Bank of Rosedale filed its cross-petition against Lyle to recover judgment on the promissory note and to foreclose the mortgage. Judgment was in favor of the allottee adjudging the deed to Lyle to be a forgery and canceling the deed to Lyle and the deed from Lyle to Easley and the mortgage from Easley to the American State Bank of Rosedale. Some months later the case was tried on issues joined by the parties on the cross-petitions of Easley and the First State Bank of Rosedale. Judgment was against Easley on his cross-petition, and the court directed a verdict in favor of the American State Bank of Rosedale against Easley for the amount of the note. Easley has appealed.

Easley does not attempt to recover on any covenant of warranty contained in the deed from Lyle to him, but seeks to recover, if his pleading be liberally construed in his favor, upon the ground of a conspiracy to convey to him a forged title. The only evidence offered as to the forgery was the journal entry of judgment. There was no evidence offered even tending to show that Lyle, Harrison, or the bank had any knowledge of the forgery.

Dawson, who had formerly been a bookkeeper in the American State Bank of Rosedale and was such bookkeeper at the time of the transaction involved, was produced as a witness by Easley, and testified that the deed purporting to have been signed by the allottee came to the bank attached to a draft drawn upon Lyle for $200; that subsequently the bank was authorized to deliver the deed in payment of $150; that Lyle borrowed the money from Harrison to pay the draft and the deed was delivered; that at the time Lyle sold the land to Easley, Easley borrowed $230 from the bank, $80 of which was placed to the credit of Lyle and $150 was placed to the credit of Harrison. One witness testified that while the deal was pending between Lyle and Easley that Lyle told him that he and Harrison were about to sell the land to Easley and if the deal went through

that he, Lyle, would pay the witness what he owed him. Easley testified that he understood at the time the note was executed that it was executed to Harrison and not to the bank, but the evidence is conclusive that the note was made to the bank. This is all the evidence pointed out in plaintiff in error's brief in support of his contention that the court erred in entering judgment against him on his cross-petition and directing a verdict against him in favor of the bank.

Proof that the deed to Lyle was a forgery, in the absence of evidence tending to show that Lyle had some knowledge of the forgery, was not sufficient to go to the jury; and, on the issues joined on the bank's cross-petition against Easley, the testimony of Easley that he believed, at the time of the transaction that he executed the note to Harrison was not sufficient to go to the jury and the court properly directed a verdict for the bank.

The judgment should be affirmed.

By the Court: It is so ordered.

Note.—See under (1) 39 Cyc. p. 2102. (2) 39 Cyc. p. 2102.